IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CYRUS R. HARRINGTON, III and
MARCELA HARRINGTON,

    Plaintiffs,

v.                   CASE NO.  3:11-cv-00448-RS-CJK

WELLS FARGO BANK, N.A.,
JPMORGAN CHASE BANK, N.A.;
And ALL PERSONS claiming an interest by,
Through, under, or against a named defendant,

    Defendants.
_____/

## ORDER

Before me are Wells Fargo and Chase's Motion for Summary Judgment (Doc. 45), Plaintiffs' Response (Doc. 48), and Wells Fargo and Chase's Reply (Doc. 61).

This is an action for quiet tile and cancellation of the note and mortgage on Plaintiffs' property, which was executed in 2005 in favor of Washington Mutual Bank, F.A. ("WaMu").  In their motion for summary judgment, Wells Fargo and Chase argue that they hold the original mortgage and original note, endorsed in blank by WaMu, and are thus entitled to foreclose on the mortgage.  In their response, Plaintiffs argue that the note is not a negotiable instrument, so Wells Fargo and Chase's possession of it is insufficient to prove any ownership interest.

In their Statement of Disputed Material Facts (Doc. 49), Plaintiffs moved the court for an extension of time in which to respond so that discovery would allow them to develop factual evidence to oppose the motion to dismiss.  Plaintiffs' argued (i) that they "anticipate[d] that a forensic document examination of the note and mortgage [would] establish that those documents are, in fact, not originals;" (ii) "that discovery [would] show that the endorsement on the note produced by the bank is most likely a computer-generated stamp;" and (iii) that "[a]bsent discovery . . . the chain of title and current ownership of [the] note [could not] be resolved." Doc. 49, ¶¶ 2-4.  In my Order dated July 11, 2012 (Doc. 52), I granted Plaintiffs' request and allowed them until September 19, 2012, which was fourteen days after the discovery deadline, to respond to the motion for summary judgment.[1]  Plaintiffs did not take this opportunity.  Accordingly, there appear to be no material facts that are in dispute.

Further, no appellate decision from Florida cited in Plaintiffs' original response stands for the proposition that ordinary mortgage promissory notes are not negotiable instruments.  The cases I have examined all hold the opposite. *See, e.g.*, *Harvey v. Deutsche Bank Nat. Trust Co.*, 69 So. 3d 300, 303 (Fla. 4th Dist. Ct. App. 2011) *review denied*, SC11-1909, 2012 WL 2890875 (Fla. July 13, 2012) (holding that a bank's "'possession of the original note, indorsed in blank, was

---

[1] In fact, I ordered that Plaintiffs "shall" respond, not that Plaintiffs "may" respond.

sufficient under Florida's Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms. The note was a negotiable instrument subject to the provisions of Chapter 673, Florida Statutes'" (quoting *Riggs v. Aurora Loan Services, LLC,* 36 So. 3d 932, 933 (Fla. 4th Dist. Ct. App. 2010)); *Taylor v. Deutsche Bank Nat'l Trust Co.*, 44 So. 3d 618, 622 (Fla. 5th Dis. Ct. App. 2010) (noting that "a promissory note is a negotiable instrument"); *Perry v. Fairbanks*, 888 So. 2d 725, 727 (Fla. 5th Dist. Ct. App. 2004) (holding that a "promissory note is clearly a negotiable instrument within the definition of [the applicable Florida Statute]").

Accordingly, the note is a negotiable instrument, and there are no genuine issues of material fact for this court to resolve. Wells Fargo and Chase's Motion for Summary Judgment (Doc. 45) is **GRANTED**. The Clerk is directed to close the case.

**ORDERED** on October 1, 2012.

                                               **/s/ Richard Smoak**
                                               **RICHARD SMOAK**
                                               **UNITED STATES DISTRICT JUDGE**